United States District Court
Southern District of Texas
**ENTERED**
February 05, 2018
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES EDWARD GUZMAN,<br>(TDCJ No. 01023457)<br><br>Petitioner,<br>v.<br>LORIE DAVIS, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:17-CV-01708 |

## MEMORANDUM AND OPINION

The petitioner, James Edward Guzman, challenges his parole revocation and the denial of credit for the time he was incarcerated before his revocation. The respondent moves for summary judgment as to the first claim because it was filed too late, and of both claims because Guzman did not exhaust his state-court remedies. The respondent also moves for summary judgment because Guzman fails to establish that the state court's rejection of his claims was objectively unreasonable. (Docket Entry No. 13). Guzman moves for summary judgment as well. (Docket Entry No. 15). Each argument and the responses are analyzed below.

## I. Background

Guzman alleges that:

1. he was wrongfully denied "flat-time" credit for his incarceration from July 14, 2009 to January 28, 2010; June 30, 2011 to December 29, 2011; and March 19, 2013 to June 14, 2014; and

2. his due-process rights were violated at his parole revocation hearing because the parole panel was biased, falsified documents, and did not allow Guzman to appear in person or offer evidence on his behalf.

(Docket Entry No. 1, Fed. Writ Pet., at 6–8; Docket Entry No. 11, Supp. Motion and Order at 2).

In *The State of Texas v. James Guzman*, cause numbers 849859 and 849860 in the 182nd District Court of Harris County, Texas, Guzman pleaded no contest to third-degree felony offense of assault on a public servant, and pleaded guilty to the first-degree felony offense of possession of cocaine with intent to deliver. The trial court sentenced him to a 20-year prison term in cause number 849859 and 25 years in cause number 849860, to run concurrently.

On October 28, 2008, Guzman was released on parole subject to conditions. A prerevocation arrest warrant was issued on July 31, 2014, and was executed on December 29, 2014. Guzman's parole was revoked on March 20, 2015. On August 26, 2016, Guzman was again released to parole, subject to conditions. That parole was revoked on January 5, 2017, with no prerevocation warrant.

In March 2017, Guzman submitted a time-dispute resolution form to the TDCJ's Classification and Records Division. That Division responded on May 1, telling Guzman that under the law in effect when he was sentenced, education credits did not apply to his sentence.

In January 2017, Guzman filed two state habeas applications challenging his parole revocation. The Texas Court of Criminal Appeals denied both without written order in April 2017. In January 2017, Guzman filed two additional state habeas applications, challenging the denial of work-time credits. These state applications were denied without written order in August. Guzman filed this federal petition in June 2017. The state habeas proceedings are part of the record.

## II. Discussion

### A. Was the First Claim Filed Too Late?

Guzman had one year to file his federal habeas corpus petition. The statute states:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2017).

In his first claim, Guzman contends that he was improperly denied flat-time credit for his time in custody from July 14, 2009, to January 28, 2010; June 30, 2011, to December 29, 2011; and March 19, 2013 to June 14, 2014. The one-year period to file this petition began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Guzman does not challenge his conviction; his claims arise from the parole revocation sentence. The record shows no unconstitutional "state action" that prevented Guzman from filing for federal relief before the deadline, and Guzman's claims do not rest on a constitutional right the Supreme Court recognized within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). The issue is when Guzman could have discovered, through the exercise of due diligence, that he had been denied credit

for the time periods at issue.

Guzman is reasonably held to have discovered the factual predicate for his first claim as early as March 20, 2015, the date of his first parole revocation. On Guzman's Certificate of Parole, immediately preceding his signature, he stated, "I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit *may be reinstated should supervision be continued.*" At the time of Guzman's revocation, Texas state law provided:

> For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(c) (West 2015). The federal limitations period for the first claim expired on March 19, 2016, one year after the factual predicate could have been discovered through due diligence, absent statutory tolling.

The "time during which a properly filed state habeas petition is 'pending' tolls that limitation period." 28 U.S.C. § 2244(d)(2); *Windland*, 578 F.3d at 315. Guzman's March 27, 2017 state application was dismissed on August 23, 2017 based on his failure to resolve the claim through the time-credit dispute resolution process before filing his state habeas application. Guzman's time-credit resolution request did not toll the deadline for filing his federal habeas petition because it was filed after the deadline expired. *See Reed v. Thaler*, No. H-11-4365, 2012 WL 1952420, at *4 (S.D. Tex. May 30, 2012) ("Reed's second TDR was filed March 17, 2010. It did not toll the limitation period because it was filed after the limitation period had expired."). The deadline was March 19, 2016, before Guzman submitted his time-resolution dispute form. And even if Guzman's form had

extended the deadline, his federal petition would still have been untimely.

Guzman's state habeas application was not "properly filed" and therefore did not extend the limitations period. *See* 28 U.S.C. § 2244(d)(2). Even if it was properly filed, the application was filed after October 26, 2016, when the deadline expired. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Guzman's June 2017 federal petition was 441 days late.

### B. Is Guzman Entitled to Equitable Tolling?

No other basis to extend the deadline is disclosed in this record. The Fifth Circuit has explained:

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling will be granted in "rare and exceptional circumstances," *id.* at 811, and will not be granted if the applicant failed to diligently pursue his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

*Larry v. Dretke*, 361 F.3d 890, 896–97 (5th Cir. 2004). No rare and exceptional circumstances are present to excuse Guzman's belated filing. Guzman does not allege that the State misled him or prevented him from asserting his rights. The fact that Guzman is representing himself does not excuse his delay. *Felder v. Johnson*, 204 F.3d at 171; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Self-represented inmate litigants are not a "rare and exceptional" circumstance that justifies equitable tolling in a § 2254 suit. *Cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

The record does not show that Guzman acted diligently in seeking federal habeas relief. He is not entitled to equitable tolling. His first claim is dismissed because he filed it too late.

### C. Did Guzman Fail to Exhaust His Claims?

Under AEDPA, a habeas application by a person in custody under a state-court judgment may not be granted unless:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (West 2017).

A state prisoner must exhaust his remedies in state court before a federal court may grant habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," to give the state courts "a full and fair opportunity" to resolve any federal constitutional claims. *Id.* "This requirement is not jurisdictional, but 'reflects a policy of federal-state comity.'" *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (quoting *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

To satisfy the exhaustion requirement, a claim must be presented to the highest available state court for review. *Rocha v. Thaler*, 626 F.3d 815, 820 (5th Cir. 2010); *Kittelson v. Dretke*, 426 F.3d 306, 315–16 (5th Cir. 2005). The Texas Court of Criminal Appeals "is the highest court in Texas state court for purposes of exhaustion of state court remedies." *Tipton v. Thaler*, 354 F. App'x 138, 140 n.1 (5th Cir. 2009); *see also Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). To allow the State the opportunity to review and if needed to correct alleged violations of its prisoners' federal rights, all grounds raised in a federal application for writ of habeas corpus must have been

"fairly presented" in the state court before the federal courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The state court must have been presented with the same facts and legal theory on which the petitioner bases his current federal-court assertions. *Ruiz v. Quarterman*, 460 F.3d 638 (5th Cir. 2006). Finally, the petitioner must have done so in a procedurally correct manner. *Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009). *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rauchle v. Barton*, 37 F.3d 629 (5th Cir. 1994).

Guzman's March 2017 state habeas application was dismissed for failure to comply with the statutory dispute-resolution process for time-served-credit error claims. A "'denial' signifies that [the Texas Court of Criminal Appeals] addressed and rejected the merits of a particular claim"; a "'dismissal' means that [it] declined to consider the claim for reasons unrelated to the claim's merits." *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Guzman's first claim was dismissed because it was not fairly presented to the highest Texas court in a procedurally correct manner. It remains unexhausted.

Guzman raised a time-credit claim in his unsuccessful January 2017 state habeas applications, but that claim related only to work-time credits. An "argument based on a legal theory distinct from that relied upon in the state court does not meet the exhaustion requirement." *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006). Because Guzman's current federal habeas claim, concerning credit for time in custody under the pre-revocation arrest warrants issued while Guzman was on parole, relies on a different factual and legal theory than the work-time credit claim presented to the state courts. The current claim is not exhausted.

Guzman's state habeas applications challenged the process at the revocation hearing, but barely. Guzman mentioned that his parole panel was biased, but his argument was that insufficient

evidence supported his revocation. Guzman did not raise in the state court the due-process violations in his federal petition, including the alleged denial of the right to be heard, the falsification of documents, and the consideration of evidence "outside the record." These claims are also unexhausted.

These unexhausted claims are procedurally barred from proceeding in this federal habeas corpus petition because the state court to which Guzman would be required to present his unexhausted claims would now find those claims procedurally barred. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (an unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition is procedurally barred). This court cannot reach the merits of these claims unless Guzman "establish[es] 'cause' and 'prejudice' from [the state court's] failure to consider" them. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722 at 750–51) (1991). Guzman has failed to argue, much less establish, cause and prejudice. These claims are barred.

### D. Was the State Court's Denial of Guzman's Second Claim Objectively Unreasonable.?

Alternatively, although this court cannot grant relief on unexhausted claims, the court may consider and, if appropriate, deny unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); *Mercadel v. Cain*, 179 F.3d 271, 276–78 (5th Cir. 1999). For claims that were adjudicated in state court, § 2254(d) sets a highly deferential standard. A federal court may grant habeas relief only if the state court's decision was contrary to, or unreasonably applied, clearly established federal law, as determined by the Supreme Court, *see Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2002)), or was based on an unreasonable

determination of the facts in light of the record. *Id.* The first prong can be met by evidence showing either that the state court applied a rule that contradicts Supreme Court precedent, or that the facts are "materially indistinguishable" from relevant Supreme Court precedent, but the state court reaches an opposite result. *(Terry) Williams v. Taylor*, 529 U.S. at 405–06. A state court unreasonably applies Supreme Court precedent if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09. The focus is not on the state court's reasoning, but on its conclusion. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The federal habeas court is limited to the record that was before the state court. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Guzman contends that his due-process rights were violated at his parole revocation hearing because the parole panel was biased, falsified documents, and did not allow him to appear in person or to offer evidence on his behalf. The record fails to show that the state court unreasonably rejected his claim.

"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The Constitution requires "an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 484. Due

process in this context requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489.

Guzman received due process in the revocation process. The revocation hearing was on December 22, 2016. Guzman received notice of the claimed parole violations on December 8, along with notice of his rights in the revocation process, including to see the evidence, to present witnesses and documents, and to confront and cross-examine adverse witnesses. Guzman signed beneath the statement, "As indicated by my signature below, I affirm that I have been advised of my rights in the revocation process." At the hearing, Guzman testified before the panel, made objections to the alleged violations, submitted a written motion to continue supervision, and presented his mother, Delfina Guzman-Salinas, as a witness. TDCJ also subpoenaed Officer S. L. Johnson, but he was not present. Guzman did not challenge the neutrality of the hearing officer. Guzman received a written statement of the evidence and the reasons for revoking his release. Guzman was not appointed counsel because the allegations were not so complex as to require it. The due process requirements were met.

Guzman contends that the parole panel was biased, falsified documents to state Guzman was ineligible for ISF placement, "overruled illegally" his objections and motions, made findings "outside the record" that Guzman had "anger issues," and did not permit him to offer evidence on his behalf. The record refutes the last allegation, because it shows that Guzman testified at the

hearing and presented his mother's testimony. Guzman's remaining allegations are conclusory and lack record and legal support. *Ross v. Estelle*, 694 F.2d 1008, 1013 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Guzman claims that he was improperly denied placement in an intermediate sanction facility, but a state prisoner has no constitutional right to placement in that kind of facility, as opposed to prison, on or instead of parole revocation. *De La Garza v. Thaler*, No. 2:09-CV-0270, 2012 WL 2520864, at *12 (N.D. Tex. May 18, 2012); *see also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State.").

Guzman claims that his objections were "illegally" overruled, but the Board gave detailed reasons for overruling certain of his objections and sustained others. Guzman claims that the Board made a finding "outside the record" that he had anger issues. At the hearing, Guzman's parole officer testified that he had intended to refer Guzman to anger-management classes in January, before his arrest for assault. Guzman testified that he would complete anger-management classes after his release or in the Harris County Jail.

The record fails to show that the state court's rejection of Guzman's due-process claims was unreasonable.

## III. Conclusion

Guzman has failed to meet his burden under AEDPA. This court must defer to the state court's determination, which denied the application without written order and implicitly ruled that

Guzman's claims were without merit. The state-court determinations did not conflict with clearly established federal law as determined by the Supreme Court and were not "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Guzman is not entitled to relief. *Richter,* 131 S. Ct. at 786; 28 U.S.C. § 2254(d). Guzman's first claim is dismissed with prejudice as time-barred; his remaining claims are dismissed with prejudice as unexhausted and procedurally barred; and all his claims are denied on its merits. Guzman's motion for summary judgment is denied, and the respondent's motion for summary judgment is granted. No certificate of appealability will issue because Guzman has not made the necessary showing.

SIGNED on February 2, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge